IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00747–WYD–KMT

JOHN FERRUGIA,

    Plaintiff,

v.

CITY OF STEAMBOAT SPRINGS, COLORADO,
RICHARD BROWN, in his official capacity as a City of Steamboat Springs police officer and in his individual capacity,
EVAN DRISCOLE, in his official capacity as a City of Steamboat Springs police officer and in his individual capacity,
GERARD GEIS, in his official capacity as a City of Steamboat Springs police officer and in his individual capacity, and
ROSS BLANK, in his official capacity as a City of Steamboat Springs police officer and in his individual capacity,

    Defendants.

**ORDER**

This matter is before the court on Plaintiff's "Motion for Leave to File Late Expert Witness Disclosure" ("Mot.") [Doc. No. 31], filed December 14, 2014. "Defendants' Response to Plaintiff's Motion for Leave to Disclose Expert Out of Time" ("Resp.") [Doc. No. 36] was filed on January 7, 2014 and Plaintiff replied on January 21, 2014 ("Reply") [Doc. No. 37]. For the following reasons, the Motion is granted.

Plaintiff's disclosures of affirmative experts pursuant to Fed. R. Civ. P. 26(a)(2) were due on or before November 7, 2013, a Thursday. (Scheduling Order [Doc. No. 20. § 9(d)(2)].)

Plaintiff submitted his expert disclosures, consisting only of treating physicians from whom reports are not required, on Monday, November 11, 2013. November 11, 2013 was "Veteran's Day," a legal holiday. Therefore the expert disclosure was one day late. Fed. R. Civ. P. 6.

Exploiting Plaintiff's one day mistake, the Defendants stated they would not move to strike Plaintiff's experts as a consequence for the late expert disclosure so long as the Plaintiff would allow them *three additional weeks* to make their expert rebuttal disclosures, in spite of the fact that the treating physicians were not a surprise to the defendants and provided no new information that the defendants did not previously have. On its face, Defendants' counsel was clearly taking advantage of a lawyer who was admittedly pursuing his first case in federal court. (Mot. at 2.)

On or about November 21, 2013, Dave Kleiber unexpectedly contacted the attorney for Plaintiff to convey that he, Kleiber, had terminated his employment with the Steamboat Springs Police Department. Detective Kleiber, on behalf of his employer at the time, the Steamboat Springs Police Department, had been involved in the investigation Mr. Ferrguia's allegations of assault against the named the Defendants. (*Id*.) Prior to Kleiber's leaving the police department and voluntarily contacting Plaintiff's counsel, Kleiber was represented by Defendants' current counsel. Therefore, Kleiber was not unavailable to Plaintiff for independent consultation or even for an independent interview. Defendants do not dispute that Mr. Kleiber left the Department in mid-November, 2013. (Response, [Doc. No. 36] at ¶ 6.)

Upon being contacted, Plaintiff's counsel conducted a formal, recorded interview with Kleiber the following day and the day after the interview arranged for counsel for Defendants to receive notice and a copy of the interview. Five days later, after requesting but being denied

agreement from the Defendants, Plaintiff filed a second expert witness disclosure naming former Detective Kleiber as a non-retained expert.[1]  Plaintiff claims, "Mr. Kleiber provided information in his interview with undersigned counsel concerning his conclusions of the lawfulness of the actions of the named Defendants in this case that was a complete surprise to Mr. Ferrugia . . . ." (Reply ¶ 4.)

Both parties correctly recite the law with respect to the amendment of Scheduling Orders and requesting that extensions of time be granted after a Scheduling Order deadline has elapsed. Scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R.Civ. P. 16(b)(4); *see also* D.C.COLO.LCivR 16.1 ("The schedule established by a scheduling order shall not be modified except upon a showing of good cause and by leave of court.").  The parties agree that when Plaintiff became aware of the availability of former Detective Kleiber to Plaintiff as a potential expert, the deadline for disclosures of affirmative experts had already expired..

The parties, in particular the Defendants, rely heavily on an unpublished decision by Magistrate Judge Hegarty in this District.  Defendants state,

> "If a party discovers that it needs an extension of time *after* a deadline has expired, any extension must be supported by a statement of excusable neglect." *Maddox v. Venezio,* No. 09-CV-01000-WYD-MEH, 2010 WL 2363555 (D. Colo. June 10, 2010); *see also* Fed. R. Civ. P. 6(b)(1)(B).
> 9. A court must take into account all of the relevant circumstances surrounding a party's omission when determining whether the neglect is excusable. These circumstances include the "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good

---

[1] Plaintiff later amended the expert disclosure concerning Kleiber when Defendants objected to the form of the disclosure.  (See Reply [Doc. No. 37], Ex. 1 [Doc. No. 37-1].)

> faith." *Maddox*, 2010 WL 2363555 *citing Stringfellow v. Brown*, 105 F.3d 670, 1997 WL 8856, *1 (10th Cir. Jan.10, 1997) (unpublished). Control over the circumstances of the delay is "the most important single . . . factor . . . in determining whether neglect is excusable." *Maddox*, 2010 WL 2363555, (*quoting City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994)).

Resp. at ¶¶ 8-9) (emphasis in original).  Although *Maddox* is not binding precedent, this court agrees with Magistrate Judge Hegarty and therefore will grant Plaintiff's motion, adopting Defendants' legal briefing.  Former detective Kleiber was employed by the Defendants and was under their control at all times until he left the Department and voluntarily contacted counsel for Plaintiff.  The Defendants placed in him the trust to investigate the allegations which are the subject of this lawsuit.  Presumably, they knew what his investigation revealed and what his opinions were; if they did not, they certainly should have known based on what they tasked him to do.  There is no claim, and no evidence to suggest, that the Plaintiff in any way acted in bad faith with respect to the information conveyed by former Detective Kleiber and the timing of Kleiber's contact with Plaintiff's attorney.  Within one day of Kleiber's initial contact, Plaintiff interviewed Mr. Kleiber and recorded the interview.  The tape of the recording was delivered to Defendants' counsel within one day of the interview.  The Defendants were advised of Plaintiff's desire to name Kleiber as an affirmative expert and within days a formal disclosure was made.  From the date of the initial contact from Kleiber and the filing of the expert disclosure, only one week had elapsed.  Having already acquiesced to Defendants' unreasonable and unwarranted demand that a one day delay on the part of Plaintiff should be rectified by a three week extension for the Defendants' benefit, the new disclosure still allowed more than the normal thirty day time period for Defendants to name rebuttal experts.  On top of that, Plaintiff volunteered to grant a further

extension to the Defendants should the formal disclosure of Kleiber as an expert on November 28, 2013 cause them to need additional time. (Resp., Ex. C.) The length of the delay requested by Plaintiff in connection to the disclosure of former Detective Kleiber disclosure is three weeks, to wit: November 7, 2013 to November 28, 2013. There is no impact whatsoever on judicial proceedings and no prejudice whatsoever[2] to the Defendants since they had already received a then unwarranted three week extension from Plaintiff, as noted.

One should, it would appear, occasionally ponder the legal aspects of karma.

Wherefore it is **ORDERED**

Plaintiff's "Motion for Leave to File Late Expert Witness Disclosure" [Doc. No. 31] is **GRANTED**.

Dated this 24th day of February, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[2] Of course there is prejudice to the Defendants given the testimony which is expected to be elicited from the former Steamboat Springs Police detective, whether as a fact or expert witness, but this prejudice is not occasioned by delay but rather from the witness himself, whose views were inferentially known to the Defendants long before they were made known to the Plaintiff.